ONE THOUSAND TWO HUNDRED AND SIXTY-FIVE VITRIFIED STONE-WARE SEWER-PIPES (DUNHAM v.). See Case No. 14,280.

## Case No. 10,537.

### ONE VAPORIZER.

[2 Ben. 438.] [1]

District Court, E. D. New York. May, 1868.

DISTILLING—USING ALCOHOLIC VAPOR IN MAKING VINEGAR.

1. Where a manufacturer of vinegar, in good faith, used a "Foubert's patent vinegar apparatus," in which a mash, fermented in the same way as for the production of whisky. was used. and, by the application of heat, alcoholic vapor was produced, which passed directly into a chamber, where it was condensed by cold water and vinegar, and the mixture, passing thence to standards, was there oxidized, and thence flowed out in the form of vinegar,—alcohol. as known in commerce, being present at no stage of the process,—held, that the manufacturer was not a distiller within the meaning of the sixteenth section of the act of March 2, 1867 (14 Stat. 481), and the apparatus was not liable to forfeiture for nonpayment of the special tax imposed on distillers.

2. The mixture was not a "product of distillation" under the joint resolution of February 5, 1864 (14 Stat. 566).

This was a proceeding in rem, on behalf of the United States, to enforce the forfeiture of certain property, which was, at the time of its seizure, being used by the claimant in the manufacture of vinegar. The property in question consisted of a still, or vaporizer, connected at the top with a set of ordinary vinegar standards, by means of a chamber, designated in the diagram by the letter M, constituting together an apparatus known as "A. Foubert's patent vinegar apparatus." This apparatus, it was conceded, was used by the claimant, in good faith, for the manufacture of vinegar, and nothing else. But it was contended, on the part of the government, that the process of making vinegar by the apparatus consisted, in part, of distilling spirit from an ordinary mash, and that, therefore, the property was liable to forfeiture, inasmuch as the claimant had never paid the special tax imposed by law on distillers. The cause was tried before the court, without a jury. and, for the most part, upon a statement of facts agreed upon between the parties.

E. L. Parris, for the government.

Wm. H. Hollis. for claimants.

BENEDICT, District Judge. This case presents an ingenious device for the evasion of the tax upon distilled spirits.

The claimant is a manufacturer of vinegar, an article produced, as is well known, by the oxidation of alcohol. The ordinary method of producing this article, when what is known as the "quick method" is used, is to mix whisky, or some other alcoholic fluid, with a quantity of water and some strong vinegar, and then pass the mixture slowly through tubs filled with shavings saturated with vinegar, in which

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

tubs, or standards, as they are called, the alcohol is very thoroughly exposed to the action of the air; and the vinegar in the mixture, and in the shavings, acting as a ferment, the alcohol in the mixture is enabled to combine with the oxygen of the air, oxidation ensues, and the product flows from the standards in the form of pure vinegar. The method pursued by the claimant differs from the ordinary method in this, that instead of using whisky—an article subject to a high tax—he uses a mash, fermented in the same manner as a mash to be used for the production of whisky, which is placed in an ordinary vaporizer, or still, and, by the application of heat, alcoholic vapor is produced from it. The still has, however, no worm or doubler connected with it; but the alcoholic vapor, when produced, passes directly from the head of the still into a chamber (M), which connects the head of the still with a set of vinegar standards. In this chamber (M), the alcoholic vapor comes in contact with a mixture of cold water and vinegar, which is flowing slowly through the chamber toward the standards; the vapor, thus passing into this cold fluid, is condensed, and there is formed a mixture of alcohol, water, and vinegar, which passing to the standards, is there fully oxidized in the manner above described, and flows out below in the form of vinegar. Thus it is seen, that while at no stage of the claimant's process is there to be found the fluid known as alcohol, or distilled spirits of commerce, the product of the whole process is vinegar made by the oxidation of alcohol. The object of the apparatus is manifestly to evade the tax imposed by law upon distilled spirits; and the question is, whether the tax can thus be evaded without a violation of the law.

To bring the claimant within the provisions of the law, he must be found to be a distiller. As a manufacturer of vinegar, he is subject to no tax; but if he be a distiller within the meaning of the internal revenue law, then he is subject to all the provisions of the law applicable to the makers of distilled spirits.

The act of 1867, § 16 (14 Stat. 481), thus defines a distiller: "Every person, firm, or corporation who distills or manufactures spirits or alcohol, or who brews or makes mash, wort, or wash for distillation, or the production of spirits, shall be deemed a distiller; and the making or keeping, by any person, of grain, mash, wash, wort, or beer, prepared or fit for distillation, together with the possession by such person of a still, or other apparatus, capable of use for distilling upon the same premises, shall be deemed and taken as presumptive evidence that such person is a distiller."

Now, if the case rested simply upon the fact of the possession of the still, and the making of a mash fit for production of distilled spirits, the claimant might, perhaps, have been held to be a distiller of spirits, under this section of the act.

But the presumption which, under the law, arises from the possession of a still and mash capable of being used for the production of spirit, is in this case, as it appears to me, repelled by the further fact, that neither the still, nor the mash, is used with intent to produce distilled spirits. This is clearly so, if the intent to be considered is the intent with which the apparatus, as a whole, is used; for it is conceded that the product of the apparatus, as a whole, is simply vinegar, which contains no alcohol; while, if the intent to be considered is the intent with which the still and mash alone, as separated from the rest, are used, it seems, also, to be clear that they cannot properly be said to be used to produce distilled spirits. The only use of this still and mash is to form the mixture which is contained in the chamber (M); but that mixture is not distilled spirits, or alcohol. It contains alcohol, it is true, but in such a combination that it cannot be obtained from it by any mechanical or chemical process, and the elements of the mixture are such, that the alcohol in it is, from the moment of its condensation into a fluid, in process of destruction, for the vinegar and water in which the alcoholic vapor is condensed begin at once to act as a ferment, and oxidation of the alcohol accordingly then begins.

The mixture is neither the distilled spirits of commerce, nor is it of value as a merchantable article, nor can it be used for any purpose, except to make into vinegar.

Considered, then, in either aspect, either as a manufacturer of vinegar, or of the mixture which is produced in the chamber (M) of his apparatus, I am unable to see how the claimant can be held to be a manufacturer of distilled spirits or alcohol.

His process appears to be simply transferring alcohol by the action of heat, and in the form of vapor, from one mixture—the mash—where it is not taxable, to another mixture, from which it can be separated only by distillation, and where it is equally free from tax; the latter mixture being never distilled, but used and useful only to oxidize into vinegar, which is also free from tax.

The use of such a process does not, in my opinion, constitute the claimant a distiller of spirits within the meaning of the law.

Nor does the joint resolution of February 5, 1864 (14 Stat. 566), help the case of the government. By that resolution, it is enacted that all productions of distillation which contain distilled spirits or alcohol, on which the tax imposed by law had not been paid, should be considered and taxed as distilled spirits.

But neither the vinegar which the claimant manufactures, nor the fluid which he produces in the chamber (M) of his apparatus, can be said to be a "product of dis-

tillation." Certainly, the vinegar and the water, which form the greater portion of the fluid in the chamber (M) are no product of distillation. To make the resolution applicable, the whole mixture which contains the alcohol, must be a product of distillation. To hold otherwise, and, under this resolution, consider every article containing distilled spirits, which has not paid the tax, as distilled spirits, would lead to strange results, especially when so little of the distilled spirits in use ever pays tax.

I have thus considered the case upon the evidence as it appears in the agreed statement of facts. I am not, under the admissions in this statement, at liberty to consider the question, whether the apparatus of the claimant is not, in some of its fixtures, a still which forms distilled spirits by condensation of alcoholic vapor upon a cold surface, and then conveys the same, in its ordinary fluid form, to the vinegar and water in the chamber (M). If such a fact were made to appear, it might materially alter the case; but upon this record no such fact appears.

The judgment in the case, as the evidence stands, must accordingly be in favor of the claimant of the property.